JERALD IRVIN JESSUP *v.* STATE OF INDIANA.

[No. 1069S253. Filed May 13, 1971. No petition for rehearing filed.]

*J. Bayne Burton,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit in three counts: Count 1) Assault and battery with intent to commit a felony, to-wit: murder; Count 2) Aggravated assault and battery, and Count 3) Habitual criminal. Trial by jury resulted in a verdict of guilty of aggravated assault and battery and a finding that the appellant was an habitual criminal as charged in Count 3. The court first imposed sentence on the finding of guilty of aggravated assault and battery and sentenced the appellant to the Indiana State Prison for not less than one nor more than five years, and further upon the find-

ing that the appellant was an habitual criminal the court sentenced him to the Indiana State Prison for life.

The record in this case discloses the following facts:

On the 17th day of October, 1968, the appellant was serving a sentence as an inmate of the Indiana State Reformatory at Pendleton, Indiana. His work assignment on that day was to serve milk to his fellow inmates at breakfast. Upon a complaint by the cook that the appellant was serving more than one dipper of milk to some of the inmates thereby causing a shortage, Lt. McConlis, a guard on duty in the dining room at that time, admonished the appellant to serve one cup to each prisoner; whereupon appellant refused to serve at all, shoved one of the officers and while armed with a knife stood with his back to the wall and announced that he was not going to the guardhouse until he ate his breakfast. Capt. Urbans, the officer in charge at the time, told the appellant to eat his breakfast but that after breakfast he would have to go "to solitary" for his conduct. Appellant obtained his breakfast and seated himself at the proper place to eat before going with the officer.

During the time the appellant was eating his breakfast Officer Conley had a short conversation with the appellant, during which the appellant jumped to his feet and cut Officer Conley across his face with a knife.

The appellant first alleges error in that the trial court over objection by the appellant permitted Reformatory officers and the sheriff to bring the appellant into the court room handcuffed to a restraining chain around his waist and also that two of the witnesses who testified in appellant's behalf, who were also inmates of the Indiana State Reformatory, were brought into the court room handcuffed in like manner. In each instance, although the jury did observe the entry of the appellant and the witnesses into the court room, once the appellant and the witnesses were inside the court room the handcuffs and chains were removed and both the appellant and the

witnesses remained unrestrained except for the presence of the guards throughout the proceedings.

Appellant also claims the jury was prejudiced in like manner by reason of their presence in the hall of the court house at a time when the Reformatory guards were removing appellant from the court room and had again shackled him with the restraining chain and handcuffs. It is true as argued by the appellant that the general law in this state is that a criminal defendant should be brought to trial unfettered for the reason that his presence in the court room so restrained would have a tendency to prejudice the jury against him. See *Hall* v. *State* (1928), 199 Ind. 592, 159 N. E. 420. However, in the *Hall* case the Court went on to say at pages 600 and 601:

> "But where the trial court has good reason to believe that the defendant is a desperate and dangerous criminal and there is serious danger of his harming those about him in the court-room or of his attempting to escape or being released by others, it may exercise its sound and enlightened discretion and order him restrained in such reasonable manner as it deems necessary."

In the case at bar the appellant was an inmate of the Indiana State Reformatory at the time of the commission of the alleged offense. It was also alleged in Count 3 that he was an habitual criminal reciting three separate previous crimes: 1) He was convicted for petit larceny, which was shown by the evidence to be a conviction on the lesser included offense under a charge of robbery; 2) Prior conviction for second degree burglary, and 3) Conviction for robbery while armed. With this type of criminal record before the trial court and with the nature of the offense of which the appellant stood charged, we hold the trial court was well within the exercise of his sound discretion in permitting the Reformatory guards to bring the appellant into the court room in handcuffs and restraining chain and not to remove these items from appellant's person until he was safely inside the court room. The same applies to the inmates of the Reforma-

tory who were appearing as witnesses for the appellant. In each instance the circumstances of the case required the jury to know that the appellant and his witnesses were convicted felons serving sentences at the Reformatory. In addition to the fact that their restraint was justified under the trial court's sound discretion, it could hardly be argued that the jury received any additional suggestion or inference from the fact that the persons appeared in the court room under heavy guard. We observe there is no merit to appellant's contention that he was seen in the halls of the court house by jurors at a time when he was handcuffed while being transported from the court room to the Reformatory. It would be unrealistic indeed especially in view of our above observations to hold that it was reversible error for jurors to observe the transportation of an inmate of a penal institution through a public hall in a shackled condition. We, therefore, hold the trial court did not err in permitting both the appellant and his witnesses to be brought into the court room handcuffed and chained.

Appellant next claims the State failed to prove the habitual criminal count of the affidavit in that the affidavit charged a 1960 conviction for petit larceny, when in fact appellant claims the record introduced by the State demonstrates the conviction was for robbery. With this we do not agree. State's Exhibit A is an exemplified copy of the judgment of that conviction. However, it does not, as argued by the appellant, show a conviction for robbery. It shows the charge to be robbery. The judgment simply recites "for the offense by him committed," then sentences the appellant to the Indiana State Reformatory for a period of not less than one nor more than five years and fined him $1.00 and costs, which is the penalty for petit larceny, an included offense under the charge of robbery. Testimony by Reformatory officials concerning commitment under this sentence stated that it was a commitment for petit larceny. We, therefore, see no merit to appellant's contention in this regard. We hold that there was

ample proof from which the jury could find that appellant had been convicted and imprisoned for the crime of petit larceny in 1960.

Appellant also states under this general charge of error that the State failed to prove as alleged that a second degree burglary conviction in 1964 resulted in imprisonment in the State Prison. He alleges a fatal variance in that the imprisonment occurred at the Reformatory rather than the State Prison as alleged. However, we need not pass on this specific question. The habitual criminal statute found in Burns Ind. Stat., 1956 Repl., § 9-2208 requires the State to prove that the appellant was twice convicted, sentenced and imprisoned in some penal institution for felonies. In the case at bar the State also alleged and proved without variance that the appellant was convicted in 1968 of the crime of robbery while armed and was sentenced to the Indiana State Reformatory for a term of 15 years. Any defect in the proof of the 1964 conviction is, therefore, moot because the proof of a third prior crime and conviction is mere surplusage under the requirements of the statute. *Hanks* v. *State* (1948), 225 Ind. 593, 76 N. E. 2d 702.

We, therefore, hold there was sufficient evidence submitted to the jury from which they could find that the appellant had been twice previously convicted and imprisoned for felonies.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler and Hunter, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 269 N. E. 2d 374.