**Jesse Steven COLLINS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 180S12.

Supreme Court of Indiana.

Jan. 26, 1981.

John D. Clouse and Michael C. Keating, Evansville, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., as of 1/12/81 and Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The defendant, Jesse Steven Collins, was convicted by a jury of attempted theft, a class D felony, Ind.Code §§ 35–41–5–1 and 35–43–4–2 (Burns 1979 Repl.), and being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.) (amended 1980). He was sentenced to two years for the class D felony and thirty years on the habitual offender charge. Defendant now raises six issues in this direct appeal:

1. Whether the trial court erred in overruling his motions to dismiss both counts of the information;

2. Whether the trial court erred in admitting state's exhibit number five;

3. Whether the trial court erred in admitting state's exhibits numbers six, seven, and ten;

4. Whether the trial court erred in permitting a state's witness to testify about another state's criminal law;

5. Whether the trial court erred in denying his motion for judgment on the evidence; and

6. Whether the trial court erred in giving state's instruction number six.

The evidence most favorable to the state reveals that in the early morning hours of July 11, 1978, Lloyd Gallion, assistant manager of Maaco Auto Painting and Body Works in Evansville, Indiana, heard a loud noise in the outer office of the business. He had been sleeping in a back room. When he went to investigate, he saw the room air conditioner disappearing out of the window. He proceeded out the front door and saw the defendant and another man holding the air conditioner. They immediately dropped it and ran. Gallion gave chase and eventually the two culprits were intercepted and apprehended by police a few minutes later. A latent fingerprint taken from the air conditioner proved to be that of defendant.

I.

Defendant contends that the trial court erred in overruling his motion to dismiss Count I of the information which was the theft charge. He first asserts that Ind. Code § 35–50–1–1 (Burns 1979 Repl.), which provides that the court shall fix the penalty and sentence a convicted person, violates his right to a jury trial as guaranteed by article I, § 13 of the Indiana Constitution and the sixth amendment to the U. S. Constitution. This Court has previously held that a defendant's right to trial by jury is not offended by a statutory scheme which does not require the jury to fix the punishment. *Brandon v. State,* (1979) Ind., 396 N.E.2d 365; *Williams v. State,* (1979) Ind., 395

N.E.2d 239. Defendant's argument is without merit.

Defendant also contends that Ind.Code § 35–50–2–7 (Burns 1979 Repl.) violates article I, § 23 of the Indiana Constitution and the fourteenth amendment's equal protection clause of the U. S. Constitution because it provides for as much as a two-year increase in the sentence for a class D felony in case of aggravating circumstances but makes no provisions for lessening the basic two-year sentence when there are mitigating circumstances.

■ The determination of appropriate penalties for crimes committed in this state is a function properly exercised by the legislature, and the judiciary will disturb such a determination only upon a showing of clear constitutional infirmity. *Neal v. State*, (1977) 266 Ind. 665, 366 N.E.2d 650; *Vacendak v. State*, (1976) 264 Ind. 101, 340 N.E.2d 352, *cert. denied*, 429 U.S. 851, 97 S.Ct. 141, 50 L.Ed.2d 125. Defendant overlooks subsection (b) of Ind.Code § 35–50–2–7, *supra*, which provides:

> "(b) Notwithstanding subsection (a) of this section, if a person has committed a class D felony, the court may enter judgment of conviction of a class A misdemeanor and sentence accordingly. The court shall enter in the record, in detail, the reason for its action whenever it exercises the power granted in this subsection."

Class A misdemeanors carry a maximum one-year term of imprisonment. Ind.Code § 35–50–3–2 (Burns 1979 Repl.). Defendant's claim of unconstitutionality is without merit.

Defendant next makes a broadside constitutional attack on Ind.Code § 35–4.1–4–7 (Burns 1979 Repl.). He appears to place primary emphasis on the eighth amendment's prohibition against cruel and unusual punishment, citing *Furman v. Georgia*, (1972) 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346. First, he contends that Ind.Code § 35–4.1–4–7(d), *supra*, unconstitutionally permits the trial judge to consider any factor he desires in determining the sentence in a given case. He maintains that

such discretion could lead to the imposition of arbitrary sentences.

■ Ind.Code § 35–4.1–4–7(b) and (c), *supra*, provide a list of aggravating and mitigating factors that a trial court may consider in pronouncing sentence. Ind.Code § 35–4.1–4–7(d), *supra*, makes clear that these lists are non-exclusive. Implicit in subsection (d) is the requirement that any other factor considered by the trial court be relevant and supported by the evidence. *See Harris v. State*, (1979) Ind., 396 N.E.2d 674; *McNew v. State*, (1979) Ind., 391 N.E.2d 607.

In *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, we noted that the statutory flexibility inherent in the concept of distinguishable aggravating and mitigating circumstances was directly related to the constitutional prohibition against cruel and unusual punishment and the mandate that all penalties be proportioned to the nature of the offense. We held there that when a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances.

Therefore, if improper factors are utilized by the trial judge in imposing sentence, an appellate court would be in a position to review that determination. The appellate courts of this state have the power to review and revise criminal sentences. Ind. Const. art. 7, §§ 4, 6; Ind.R.App.R.S. 1, 2. Defendant does not and cannot allege that the trial judge used an improper factor as an aggravating circumstance in sentencing him. He received the basic two-year term of imprisonment for committing the class D felony.

Second, defendant maintains that Ind. Code § 35–4.1–4–7, *supra*, is unconstitutional because it does not specify an exact number of years which are to be added whenever aggravating circumstances are found. He points out that under the various sentencing provisions for felonies, a trial judge may choose any number of years, within a

specified range, which are to be added. Defendant asserts that this alleged defect also promotes arbitrariness.

In *Murphy v. State*, (1976) 265 Ind. 116, 352 N.E.2d 479, the defendant also cited *Furman v. Georgia, supra*, in support of his argument that the statute prescribing a determinate sentence of between ten and thirty years in prison was unconstitutional. In upholding the statute, we held that while *Furman* does, to some extent, restrict the degree of discretion in assessing sentences, it does not prohibit virtually all discretion as urged by the defendant. Further, defendant's argument has been rejected by the Court of Appeals in *Wells v. State*, (1979) Ind.App., 397 N.E.2d 1250, and in *Boyd v. State*, (1979) Ind.App., 396 N.E.2d 920.

We do not believe that Ind.Code § 35-4.1-4-7, *supra*, is unconstitutional. Rather, by allowing the trial judge to tailor the degree of punishment according to a defendant's particular background and characteristics, the statute is consistent with the eighth amendment to the U. S. Constitution and article I, § 16 of the Indiana Constitution. The trial court did not err in overruling the motion to dismiss Count I.

Next, defendant asserts that the trial court erred in overruling his motion to dismiss the habitual offender charge. He contends that Ind.Code § 35-50-2-8, *supra*, is unconstitutional because it permits arbitrary enforcement by the prosecutor. He complains that whether or not the recidivist penalty is to be sought in any given case depends wholly upon the prosecutor's discretion, unrestrained by any statutory guidelines. We have very recently rejected the same argument in *Eaton v. State*, (1980) Ind., 408 N.E.2d 1281. There was no error here.

II.

State's exhibit number five consisted of two enlarged photographs. One was an enlargement of state's exhibit number two, which was the latent fingerprint taken from the air conditioner. The other was an enlargement of a fingerprint taken from state's exhibit number four, which contained the rolled and flat impressions of defendant's fingerprints.

Defendant first contends that the exhibit was inadmissible because he was not given a copy of it prior to trial as ordered by the court. However, the order to which defendant refers merely required the state to furnish defendant a copy of the ink fingerprints which were taken of him and this was done. During trial, the state informed the court that the first time it had seen the photographic enlargement was earlier that same day. The state explained that it was, therefore, impossible to have included the exhibit in its discovery answer but that it had informed defense counsel prior to trial that it was going to use enlargements. Defendant's attorney did not dispute that. There was no error here.

Next, defendant maintains that the exhibit was inadmissible because the state failed to show a complete chain of custody proving that the photographic enlargement contained the same prints as found in state's exhibits two and four. Nonfungible items do not require the high decree of scrutiny that must be applied to fungible items. *Proctor v. State*, (1979) Ind., 397 N.E.2d 980; *Wilson v. State*, (1975) 263 Ind. 469, 333 N.E.2d 755. Evidence of fingerprints is capable of eyewitness identification. It is a sufficient foundation for the introduction of such evidence that a witness identifies it and it has relevance to the issues of the case. *Proctor v. State, supra; Woodard v. State*, (1977) 267 Ind. 19, 366 N.E.2d 1160.

At trial, Carroll J. Shiflett testified that he worked for the FBI in Washington as a fingerprint specialist. He identified state's exhibits two and four as having been received by him from the Evansville Police Department for examination. He stated that under his direction, photos were made of the fingerprints found in those exhibits by the FBI's photography department. He took the negatives from those photos, made

the necessary markings for comparison, and then had enlargements made from the negatives. Shiflett testified uneqivocally that exhibit five was an accurate reproduction of the prints found in exhibits two and four. This testimony provided a sufficient foundation for the introduction of exhibit five, and there was no error in its admission.

### III.

State's exhibit number ten consisted of an information filed in the Vanderburgh Superior Court, cause number 75–CR–262, charging a Jesse Steven Collins with unlawful dealing in a controlled narcotic substance, a commitment order bearing the same cause number placing Collins in the custody of the Department of Corrections, and certificates of the Vanderburgh Superior Court clerk and judge who presided over the case.

 Defendant first argues that the exhibit was inadmissible because it did not contain an order book entry evidencing his previous conviction. We have found nothing in the trial rules, statutes, or case law of this state requiring the state to introduce order book entries in order to prove a defendant's prior convictions in an habitual criminal proceeding. In *Brown v. State*, (1979) Ind., 385 N.E.2d 1148, we sustained the habitual criminal conviction as being supported by sufficient evidence when the state utilized certified copies of prison records showing the defendant's previous convictions.

 Defendant also complains that the exhibit should not have been admitted because it failed to show a judgment of conviction. However, the commitment document specifically recites that the trial court found defendant guilty of possession of a controlled substance and ordered and adjudged defendant to serve two years in prison for commission of that offense. This evidence adequately discloses the prior conviction.

 Defendant additionally contends that admission of the exhibit was erroneous because the information charged him with dealing when he was only found guilty of possession. He argues that it was irrelevant and prejudicial to show that he was charged with a crime of which he was not convicted. First, we note that possession of a controlled substance is a lesser included offense of dealing in a controlled narcotic substance. *Cf. Thompson v. State*, (1972) 259 Ind. 587, 290 N.E.2d 724, *cert. denied*, (1973) 412 U.S. 943, 93 S.Ct. 2788, 37 L.Ed.2d 404; *Smith v. State*, (1976) 169 Ind.App. 71, 345 N.E.2d 851. Thus, the charge in the information did include the crime of which defendant was eventually convicted, and the relevancy of the exhibit is established.

 As for defendant's claim of prejudice, the trial court specifically instructed the witness identifying the exhibit not to mention the fact that defendant was charged with dealing in narcotics. The witness followed this instruction. Furthermore, when the exhibit was examined by the jury, the court informed them that defendant's conviction in that case was for a lesser included offense and that they were not in any way to consider the charge of dealing as part of their deliberations. There was no error in admitting the exhibit.

State's exhibit number six contained several documents from the state of Arizona. It included an information, cause number 83628, charging a man with defendant's name with two counts of first-degree burglary, a superior court "minute order" reciting the individual's guilty plea and the court's entry of judgment on both counts, and a certification by the clerk and presiding judge of the Maricopa County Superior Court. Defendant first contends that the exhibit was inadmissible because it did not contain an order book entry. We have already disposed of this argument in our discussion of the Vanderburgh Superior Court conviction.

Second, he asserts that the exhibit was not properly authenticated as required by Ind.Code § 34–1–18–7 (Burns 1973). That statute provides:

"*Proceedings of courts of record in other states.*—The records and judicial proceed-

ings of the several courts of record, of or within the United States or the territories thereof shall be admitted in the courts within this state as evidence, by attestation or certificate of the clerk or prothonotary, and the seal [certificate] of the court annexed, together with the seal of the chief justice or one or more of the judges, or the presiding magistrate of any such court, that the person who signed the attestation or certificate was, at the time of subscribing it, the clerk or prothonotary of the court, and that the attestation is in due form of law; and the records and judicial proceedings, authenticated as aforesaid, shall have full faith and credit given to them in any court within this state, as by law or usage they have in the courts whence taken."

██ Here, the clerk of the Maricopa Superior Court certified that the documents contained in exhibit six were full, true, and correct copies of the originals. The presiding judge certified that the clerk was the duly elected, qualified, and acting clerk of the court. The judge further certified that the attestation was in due form of law. The requisite seals accompanied the signatures. The exhibit was authenticated in compliance with the statute.

██ Defendant also argues that there was no certification by the judge that the clerk was the custodian of the records, citing Ind.R.Tr.P. 44(A)(1). We have previously held that Ind.R.Tr.P. 44 is to be considered as an alternative to other methods of authentication authorized by law and that, in any event, while Ind.R.Tr.P. 44(A)(1) permits proof that the attesting officer is the legal custodian of the records, it does not require such proof. *Eldridge v. State*, (1977) 266 Ind. 134, 361 N.E.2d 155, *cert. denied*, 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287. There was no error in the admission of exhibit six.

██ State's exhibit number seven consisted of a copy of the Arizona burglary statute in effect at the time the crimes were committed there and a properly executed certification by the Arizona Secretary of State attesting to the authenticity of the statute. Defendant maintains that the exhibit was inadmissible because the state failed to give reasonable notice that it intended to present evidence of a foreign law in violation of the Uniform Judicial Notice of Foreign Law Act, specifically Ind.Code § 34-3-2-4 (Burns 1973), which provides:

"*Evidence as to laws of other jurisdictions.*—Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."

Defendant also maintains that the state failed to list this item as a potential exhibit in its pretrial discovery answer. However, the state's supplemental discovery answer filed several weeks before trial did include as a potential exhibit the Arizona statutes pertaining to Maricopa Superior Court cause number 83628. In addition, the record discloses that several weeks before trial, the defense was given a copy of exhibit six which contained the information charging defendant with violating the Arizona burglary statute. It should also be noted that the information in the present case charging defendant as an habitual criminal alleged defendant's prior burglary conviction in Arizona. Thus, there was more than enough forewarning to constitute "reasonable notice" of the state's intent to present evidence of Arizona law. There was no error in admitting this exhibit.

### IV.

██ The defendant next contends that the trial court erred in permitting a state's witness to testify that at the time defendant allegedly committed the first-degree burglaries in Arizona, that crime was a felony in that state. He asserts that another state's law may not be proven by parol evidence. It is not necessary to address this argument. Whether or not the state of Arizona classified first-degree burglary as a felony is not relevant for purposes of estab-

lishing a prior felony conviction in determining habitual criminal status in Indiana. Ind.Code § 35–50–2–1 (Burns 1979 Repl.) provides:

"*Definition.*—As used in this chapter [35–50–2–1—35–50–2–9], 'felony conviction' means a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one [1] year; but it does not include a conviction with respect to which the person has been pardoned, or a conviction of a class A misdemeanor under section 7(b) [35–50–2–7(b)] of this chapter."

The jury was instructed according to this statute. Exhibit seven showed that first-degree burglary was punishable in Arizona by imprisonment for not less than one nor more than fifteen years. Thus, one found guilty "might" be imprisoned for more than one year. With this exhibit, the state proved that the Arizona conviction was a felony conviction within the meaning of Ind.Code § 35–50–2–1, *supra*, and Ind.Code § 35–50–2–8, *supra*.

The above testimony may have been objectionable on grounds of relevancy but that was not the basis of defendant's objection at trial or his argument on appeal. Any error in the admission of this testimony is, therefore, waived. *Washington v. State*, (1980) Ind., 402 N.E.2d 1244; *Rowley v. State*, (1979) Ind., 394 N.E.2d 928. There is no reversible error here.

## V.

After the state presented its evidence on the habitual criminal charge, the defendant made an oral motion for judgment on the evidence. It was denied by the trial court, and defendant now assigns this ruling as error.

■■■ First, he contends that there was insufficient proof of two prior unrelated felony convictions. He asserts that proof of the Arizona conviction could not be considered because the state's evidence did not disclose that defendant had been informed of his constitutional rights before making the guilty plea. We disagree. It is

defendant's burden to produce evidence in support of a defense that his prior convictions are invalid. *Hall v. State*, (1980) Ind., 405 N.E.2d 530. Here, defendant made no claim whatsoever either at trial or in his appellate brief that he had not been adequately informed of his constitutional rights. His attack is strictly limited to the alleged facial invalidity of the state's proof. Defendant has not sustained his burden. Defendant also argues that the prior convictions were not properly proven by order book entries, but we have already decided that issue adversely to defendant and need not discuss it any further.

■■■ Besides proof that a man with defendant's name had been convicted of two prior unrelated felonies, the state utilized the testimony of two police officers in order to identify defendant as that same person. One officer was present during the trial of cause number 75–CR–262 in the Vanderburgh Superior Court and made an in-court identification of defendant. The other officer was also in court during the proceedings in cause number 83628 in the Maricopa Superior Court and made the arrest for the offense involved there. He, too, identified defendant. A motion for judgment on the evidence is proper only where there is a total absence of evidence on an essential issue or where the evidence is without conflict and leads to but one inference, that being in favor of the accused. *Norton v. State*, (1980) Ind., 408 N.E.2d 514. The evidence produced here was clearly enough to withstand the motion.

■■■ Second, defendant maintains that application of the present habitual criminal statute, Ind.Code § 35–50–2–8, *supra*, had an *ex post facto* effect in violation of article I, § 10, cl. 1 of the U.S. Constitution and article I, § 24 of the Indiana Constitution. He points out that at the time of his prior felony convictions, the earlier habitual criminal statute was in effect which required a defendant not only to have been convicted, but imprisoned as well. Ind.Code § 35–8–8–1 (Burns 1975) (repealed 1976). Since the

new statute does not require proof of imprisonment, defendant argues that the quantity of proof necessary to convict has been unconstitutionally decreased. In order to properly preserve this issue for appeal, defendant should have made a motion to dismiss the habitual offender charge prior to arraignment and plea. *Johnson v. State,* (1977) Ind.App., 367 N.E.2d 25.

In any event, defendant overlooks the fact that the enhanced penalty under the habitual criminal statute is imposed neither for the prior crimes nor for the status of habitual offender, but for the underlying crime involved in the current proceeding. *Wise v. State,* (1980) Ind., 400 N.E.2d 114. The statute to be applied, therefore, should be the one in effect at the time that underlying crime was committed. *See Parks v. State,* (1979) Ind., 389 N.E.2d 286. Here, the attempted theft occurred after the new habitual criminal statute had gone into effect, and thus there was no *ex post facto* violation. An identical constitutional attack was presented to this Court in *Hall v. State, supra,* and rejected for the same reasons.

Third, defendant contends that he could not be tried on the habitual offender count because the trial court had not yet entered judgment on the jury verdict finding him guilty of attempted theft. He cites Ind. Code § 35–50–2–8(c), *supra,* which provides in pertinent part, "If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; . . ."

Ind.Code § 35–4.1–4–1 (Burns 1979 Repl.) provides in pertinent part, "After a verdict, finding or plea of guilty, if a new trial is not granted, the court shall enter a judgment of conviction." We have construed this statutory section and its predecessor as not requiring reversal when a defendant was sentenced without the trial court having first entered judgment. *Schalkle v. State,* (1979) Ind., 396 N.E.2d 384; *McMinoway v. State,* (1973) 260 Ind. 241, 294 N.E.2d 803. The terms "judgment" and "sentence" were deemed to be synonymous so that as long as defendant was properly

sentenced, the requirements of the statute were met. *Id.*

Statutes which relate to the same general subject matter are in *pari materia* and should be construed with reference to each other so as to harmonize and give effect to the provisions of each. *Schrenker v. Clifford,* (1979) Ind., 387 N.E.2d 59; *Indiana Waste Systems, Inc. v. Board of Commissioners,* (1979) Ind.App., 389 N.E.2d 52. We construe Ind.Code § 35–50–2–8 in the same manner as Ind. Code § 35–4.1–4–1 and conclude that it is not reversible error when the trial court fails to enter judgment for the underlying felony prior to commencing the second phase of the bifurcated proceeding.

Defendant, however, argues that an entry of judgment was peculiarly necessary here because Ind.Code § 35–50–2–7(b), *supra,* gives the trial court discretion to enter judgment and pronounce sentence for a class A misdemeanor when the accused has been found guilty of a class D felony. While this argument does appear to have merit, we do not believe defendant was harmed. The trial court implicitly found no mitigating circumstances justifying an entry of a misdemeanor conviction when it entered judgment for a class D felony subsequent to the habitual criminal proceeding.

However, a different result might obtain in a different case. It is conceivable that after the recidivist hearing and after examining the presentence investigation report, a trial court could decide to enter judgment for a class A misdemeanor, thereby unnecessarily subjecting the defendant to the habitual criminal phase of the trial. Therefore, we believe that it would be the better practice in the future, in the case of a guilty verdict on a class D felony, for the court, prior to the trial on the status question and after considering the presentence investigation report and arguments of counsel, to determine whether or not it will withhold judgment for a class D felony and enter judgment for a class A misdemeanor instead. If the court decides to enter judgment for a class D felony, it should do so

and reserve imposition of sentence for the felony until after the trial on the habitual criminal charge. In the case of guilty verdicts for other felonies, this same problem will not be encountered as the sentencing provisions for class D felonies are unique.

## VI.

Defendant next contends that the trial court erred in giving state's instruction number six which stated in the final sentence, "Acts considered apart from other evidence may appear innocent, but when considered with the other evidence may import guilt as well as innocence." He asserts that this instruction lacks mutuality and gives undue prominence to the state's case.

 However, the court also instructed the jury that in their consideration of defendant's flight, they should keep in mind that there may have been reasons for it which are fully consistent with innocence, including unwillingness to confront the police, reluctance to appear as a witness, etc. Further, the jury was told that defendant was presumed innocent, that the burden rested with the state to establish his guilt, and that defendant should be acquitted unless his guilt was proven beyond every reasonable doubt to the exclusion of every reasonable hypothesis consistent with his innocence. Instructions are not to be considered as disjointed statements or principles but are to be considered as a whole and are to be read together. *Lottie v. State*, (1980) Ind., 406 N.E.2d 632. There was no error in giving state's instruction six.

 Defendant has made additional allegations of error concerning proof of a third prior felony conviction in the habitual criminal phase of the trial. We need not address these allegations inasmuch as there is sufficient evidence of two prior unrelated felony convictions. *Estep v. State*, (1979) Ind., 394 N.E.2d 111. Proof of a third felony conviction is mere surplusage under the requirements of the habitual criminal statute. *Jessup v. State*, (1971) 256 Ind. 409, 269 N.E.2d 374.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.