**Michael David STEELMAN, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 1183S406.**

Supreme Court of Indiana.

Dec. 20, 1985.

Rehearing Denied Feb. 11, 1986.

Bruce M. Frey, Marion, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of dealing in marijuana, a class D felony, I.C. § 35-48-4-10 and a habitual offender determination, I.C. § 35-50-2-8. A jury tried the case. Appellant received a two year sentence for dealing in marijuana; the trial court enhanced this sentence thirty years as a result of the habitual offender determination for a total of thirty-two years.

Appellant raises four issues on appeal (1) whether the State complied with the interstate agreement on detainers, I.C. § 35-2.-1-2-4; (2) whether the "controlled buy" was defective; (3) whether there was sufficient evidence to support his conviction of dealing in marijuana; (4) whether trial court erred in admitting State's Exhibit 4, a docket sheet listing a prior conviction, into evidence at the habitual offender proceeding.

These are the facts from the record that tend to support the determination of guilt. On November 14, 1978, appellant telephoned Pam Gang, a police informant, and he informed her that he had a quarter pound for sale. She notified Officer Gary Ashenfelter of the Kokomo Police Department, and they proceeded to arrange a "controlled buy" of the marijuana. She went to the police station, and Officer Ashenfelter searched her. Subsequently, he equipped her with an audio intercept device, and he gave her one hundred and twenty dollars. Thereafter, her sister drove her to appellant's trailer while being followed by police. Inside the trailer, Gang gave appellant one hundred and twenty dollars in change. Gang and her sister stayed about a half an hour, and they smoked two joints. Then, Gang's sister drove her to a pre-arranged location where she met Officer Ashenfelter. She gave him the bag of marijuana and the five dollars. Also, he searched her a second time. The tape of the transaction was ninety percent inaudible; and was erased.

I

Appellant argues that the State did not bring him to trial within the time limits required under the Interstate Agreement on Detainers (IAD) I.C. § 35-2.1-2-4. At trial, he filed a motion for discharge for delay under Criminal Rule 4. The trial court denied this motion. In his motion to correct errors, he raises the delay issue under the IAD.

The record gives no indication that appellant caused written notice of a request for final disposition to be delivered to the appropriate officials as required by the IAD. I.C. § 35-21-2-4, art. 3(b). Even when the statute is liberally construed so as to effectuate its purposes, we find that the procedural method outlined is essential. *Ward v. State* (1982), Ind.App., 435 N.E.2d 578. Since the IAD procedural requirements were not complied with, appellate review on this issue is foreclosed.

II

Appellant argues that the police procedures employed in the "controlled buy" were defective. The officer conducting the procedure described the entire process and his receipt of the green material from the informant in his testimony. The informant described the process and her

receipt of the material from appellant in her testimony. The material was shown to be marijuana by the testimony of another witness. There was no objection to this testimony or the ultimate admission of the material, on policy grounds, nor was the issue raised in the motion to correct errors. Consequently, the admissibility issue at the heart of appellant's argument was not raised in the trial court and preserved for review. It cannot therefore be properly considered to be before this court as part of the claim of insufficiency of evidence to convict.

### III

■ Appellant argues that there was insufficient evidence to support his conviction of dealing in marijuana.

This court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 185 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 283 Ind. 334, 403 N.E.2d 1088.

The evidence recited in the statement of facts is more than sufficient to support this conviction.

### IV

Appellant argues that the trial court erred in admitting State's Exhibit 4 into evidence at the habitual offender proceeding, and also argues that when Exhibit 4 is excluded from the record, the evidence in support of the habitual offender determination is insufficient. State's Exhibit 4 is a docket sheet listing his 1967 2nd degree burglary conviction. Specifically, he claims that the exhibit was improperly authenticated in that the certification failed to correlate with the documents of the exhibit.

■ The clerk's certificate attests that the attached record is a copy of the bench docket of Judge Dennis H. Parry of the Howard Superior Court No. 1, while the 1968, docket sheet shows William E. Lewis as judge. This alleged discrepancy does not render the exhibit inadmissible. This difference in judges merely reflects that one is the presiding judge and the other a former judge of the same court. The clerk's certificate indicates that the docket sheet is from the Howard Superior Court and this is sufficient authentication.

Appellant also argues that State's Exhibit 4 was improperly authenticated because the deputy clerk signed for the clerk. However, T.R. 44(A)(1) provides that proof of an official record may be evidenced "by a copy attested by the officer having the legal custody of the record, or by his deputy." T.R. 44 is made applicable to criminal trials through Criminal Rule 21.

The trial court properly admitted State's Exhibit 4.

■ However, in studying the record of proceedings for the purpose of resolving this issue, we have been confronted with a fundamental defect in the proof of sequence of the prior felonies that support the habitual offender determination, and thus the thirty year enhancement of appellant's sentence. This defect is of such a nature that it renders the evidence insufficient to support that determination. The State included three prior felony convictions in the habitual offender information. However, at the actual habitual offender proceeding, the State attempted to prove only two of those convictions: the 1968 2nd Degree Burglary conviction and the 1972 Rape conviction.

On the 1968 conviction, the State presented evidence as to the date of the offense's commission, October 29, 1967, as to the date of conviction, April 1, 1968, and as to the date of sentencing, May 16, 1968. The State also established that this offense was a felony.

On the 1972, conviction, the State presented evidence as to the date of the

conviction, September 11, 1972, and as to the date of sentencing, November 3, 1972. The State also established that this offense was a felony. However, there is no evidence in the record as to the crucial date of the commission of the offense to which the 1972, conviction relates.

In *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339, this Court held:

> It is clear from the statute (I.C. § 35–50–2–8) that to sustain a sentence under it, the State must show that the defendant had been twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction.

*Miller, supra,* 417 N.E.2d at 342. See also *Clark v. State* (1985), Ind., 480 N.E.2d 555.

Consequently, there is no way to discern if the alleged prior convictions are in their proper statutory sequence. The conviction for dealing in marijuana is affirmed. The habitual offender determination is vacated.

GIVAN, C.J., and PRENTICE, PIVARNIK and SHEPARD, JJ., concur.