Rodney J. WAYE, Appellant,

v.

STATE of Indiana, Appellee.

No. 85S02–9112–CR–1010.

Supreme Court of Indiana.

Dec. 20, 1991.

Susan K. Carpenter, Public Defender, Kenneth L. Bird, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

In this case, we grant transfer and set aside the finding that Rodney J. Waye (Defendant–Appellant below) is an habitual offender for the reason that a misdemeanor conviction was improperly admitted during the habitual offender proceedings.

The facts relevant to the habitual offender finding in the instant case reveal that in 1989 Waye was convicted of burglary and attempted theft, and was found to be an habitual offender. His sentence was enhanced by 30 years on account of this finding. During the habitual offender phase of the trial, the State presented evidence of three underlying convictions. Two were for felonies (1974 possession of marijuana and 1977 safe burglary), and are not at issue here.[1] The facts relevant to the conviction at issue here came about as a result of a guilty plea in 1979 to the then-existing escape statute, Ind.Code § 35–21–

---

1. In his petition to transfer, Waye asserts that the information which charged his habitual offender status was insufficient because it failed to allege the county and court of the 1974 conviction for possession of marijuana. No objection to the form or specificity of the information was made at trial. The failure to raise this issue at trial results in a waiver of appellate review on that issue. *Foster v. State* (1988), Ind., 526 N.E.2d 696, 698. Accordingly, we conclude, as did the Court of Appeals, that Waye has waived this issue.

8–1 (1976) (repealed). The statute gave the trial court discretion to order sentence as a class D felony or a class A misdemeanor and specified that if the misdemeanor penalty were imposed, the conviction was to be considered a misdemeanor for all purposes. The transcript from the guilty plea hearing reveals that Waye pled guilty to a class A misdemeanor and was sentenced to one year. On October 3, 1978, on a petition for post-conviction relief, the guilty plea was vacated. Waye repled to the charge on June 18, 1979, and was again sentenced to one year. At the 1979 hearing, Waye inquired about whether he was pleading to a misdemeanor or a felony. First he was advised by the guilty plea court that he was pleading to a misdemeanor, then advised he was pleading to a felony, and finally advised that the issue was being left open. Again, Waye sought post-conviction relief; this time relief was denied. In the memorandum decision affirming the denial, the Court of Appeals determined, on the basis of the transcript from the guilty plea hearing, that the escape conviction "must be considered a misdemeanor." *Waye v. State* (August 3, 1991) Ind.App., No. 85A02–8811–PC–00433, slip op. at 4, 576 N.E.2d 645 (table).

Generally, "[t]he determinative issue is whether the Defendant *might* have been sentenced to a term of imprisonment greater than one (1) year," not whether the defendant actually received a sentence in excess of one year. *McBrady v. State* (1984), Ind., 459 N.E.2d 719, 725. Here, unlike *McBrady*, the statute under which Waye was convicted and sentenced specifically provided that "any person convicted under the misdemeanor penalty of this chapter shall thereupon and thereafter *be considered as a misdemeanant for all purposes.* IND.CODE § 35–21–8–1 (emphasis added). This would include habitual offender proceedings. Accordingly, we are obliged to consider the escape conviction as a misdemeanor conviction for purposes of the habitual offender proceedings here. Thus, the escape conviction was not a valid felony conviction within the meaning of the habitual offender statute, IND.CODE ANN. § 35–50–2–8 (West Supp.1991). Because we conclude that admission of the escape

conviction as a felony during habitual offender proceedings was prejudicial error, we now grant transfer.

■■■ The State is correct in asserting that more than two prior unrelated felony convictions may be proven in an habitual offender determination with the additional convictions considered to be "harmless surplusage." *Hudson v. State* (1983), Ind., 443 N.E.2d 834, 837. Where, however, as here, one or more of the convictions are not qualified as felonies under the habitual offender statute, and the habitual offender finding is made by general verdict, the finding must be vacated. *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339, 342–43. In *Miller*, the State presented evidence of four prior convictions even though the defendant had not yet been convicted of two of them at the time the principal offense was committed. This Court concluded that even where two of the felonies were properly proved, because two of the felonies did not meet the requirements of the habitual offender statute and a general verdict form was used, "it [could not] be discerned which of the four alleged prior convictions provided the factual basis for the jury's determination." Thus, reversal was required. *Id* at 343. *Miller* has been followed in vacating other habitual offender findings when a general verdict form is used and one or more of the underlying convictions proven is not a qualified felony. *See e.g., Nash v. State* (1989), Ind., 545 N.E.2d 566, 568 (two of three felonies not unrelated, and jury not properly instructed); *Fozzard v. State* (1988), Ind., 518 N.E.2d 789, 792–93 (impossible for one of three felonies proven to fit into the proper sequence); *Wells v. State* (1982), Ind., 437 N.E.2d 1333 (defendant was not sentenced on one of three felonies until after principal offense was committed).

The State points to two cases which it claims stand for the proposition that so long as the State proves two valid felonies, habitual offender findings may be affirmed. First, in *Sparks v. State* (1989), Ind., 537 N.E.2d 1179, 1184–85, one of the prior convictions had been pardoned. This

Court concluded that any error was harmless because the jury was properly instructed that the conviction had been pardoned. That is not the case here. The jury was instructed that Waye's escape conviction was a felony conviction which could be considered as one of the underlying felonies to support an habitual offender finding. Nowhere in the record do we find that the jury was advised that the conviction was for misdemeanor escape. Second, in *Richards v. State* (1989), Ind., 535 N.E.2d 549, the State presented evidence of three felonies. One of the three did not meet the sequence requirements of the habitual offender statute. This Court affirmed the finding of habitual offender on a general verdict, but, as Chief Justice Shepard pointed out in his concurrence, taken individually, the felony convictions were valid and admissible and, therefore, the jury's finding could not have been premised on a conviction which was not admissible on any ground. Thus, *Richards,* unlike *Miller* and *Nash,* involved felony convictions which individually met all statutory requirements but, taken together, did not provide the statutory sequence in relation to one another.

 Here, the State attempted to prove three felony convictions and used a general verdict form. One of those convictions (escape) was for a misdemeanor. The jury, however, incorrectly was instructed that the crime of escape was a felony. This misdemeanor conviction was not admissible for any reason during the habitual offender phase of the trial. Because a general verdict was returned, we cannot discern whether the jury relied on the escape conviction in finding Waye an habitual offender. "A general verdict cannot stand when the case was tried and submitted on two theories, one bona fide and the other not." *Miller,* 417 N.E.2d at 343. Accordingly, this finding must be vacated.

Accordingly, we grant transfer, vacate the memorandum decision of the Court of Appeals and reverse the habitual offender finding. Waye may be retried as an habitual offender because the finding in the first trial was vacated due to trial error rather than insufficient evidence. *Phillips v. State* (1989), Ind., 541 N.E.2d 925, 926.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.