**Michael WEATHERFORD, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee– Respondent.**

**No. 79A02–9108–PC–350.**[1]

Court of Appeals of Indiana, First District.

Aug. 5, 1992.

---

**1.** This case was transferred to this office on   April 21, 1992, by order of the Chief Judge.

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

ROBERTSON, Judge.

Michael Weatherford appeals the denial of his third petition for post-conviction relief. He asserts a fundamental defect in the evidence supporting his habitual criminal adjudication; specifically, he asserts the State failed to prove the required sequence of his prior convictions. We reverse.

### FACTS

The facts in the light most favorable to the post-conviction court's judgment indicate that Weatherford was convicted of dealing in a controlled substance and adjudicated an habitual criminal in 1978. He was sentenced to life imprisonment as provided by the habitual criminal statute in effect at that time.

Weatherford's direct appeal and first petition for post-conviction relief were dismissed because Weatherford, while free on bond, became a fugitive from justice. After a few years, Weatherford was recaptured and incarcerated. He then filed a second petition for post-conviction relief which was summarily denied. Our supreme court affirmed this summary denial of post-conviction relief in *Weatherford v. State* (1987), Ind., 512 N.E.2d 862.

Weatherford filed the present petition, his third, on November 21, 1989. In this petition, Weatherford raises the present allegation of error for the first time. The post-conviction court, after conducting a hearing, denied Weatherford's petition and this appeal ensued.

Additional facts are supplied as necessary.

## DECISION

██ Initially, we note that in a post-conviction relief proceeding, the defendant has the burden of proving his grounds of relief by a preponderance of the evidence. *Murphy v. State* (1985), Ind., 477 N.E.2d 266. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. When reviewing the denial of post-conviction relief, we will reverse only when the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173.

██ Weatherford was adjudicated an habitual criminal under the following statute:

Habitual criminals—Life sentence. Every person who, after having been twice convicted, sentenced, and imprisoned in some penal institution for a felony, whether committed heretofore or hereafter, within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the State prison for and during his or her life.

Burns 9–2207 [Acts 1907 ch. 82, § 1, p. 109]. Under this statute, the State was required to prove that the defendant had been imprisoned upon the first sentence prior to the commission of the second offense and that he had been imprisoned upon the conviction of the second offense prior to the commission of the principal offense. *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799. The requirement of imprisonment is not included in the current statute, but the sequence of offenses, convictions, and sentencing was expressly retained. *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339.

In the present case, Weatherford's habitual criminal status was based on a 1960 burglary conviction (committed when he was sixteen (16) years old), three (3) 1965 theft convictions (treated as one (1) conviction for purposes of the habitual criminal adjudication), and a 1971 federal firearms conviction. Weatherford asserts, and the State does not seriously dispute, that, for the 1971 federal firearms conviction, only the dates of the conviction and sentencing were proved. Therefore, Weatherford asserts, the State failed to prove the crucial date of the commission of the 1971 federal firearms offense and the evidence is insufficient to prove that the federal firearms offense was committed after the sentencing for the 1965 theft convictions. Weatherford asserts this defect in the proof of the 1971 federal firearms conviction is fundamental error which requires the vacation of his habitual adjudication, citing *Steelman v. State* (1985), Ind., 486 N.E.2d 523 and *Jordan v. State* (1987), Ind., 510 N.E.2d 655.

We must agree. The present defect in the proof is remarkably similar to the defect in *Steelman,* 486 N.E.2d 523, in which the State failed to prove the "crucial date of the commission" of the second of two (2) felonies supporting Steelman's habitual offender adjudication. *Id.* at 526.

However, *Steelman* is distinguishable from the present case. Steelman's habitual offender adjudication rested upon two underlying (2) convictions, one of which was ineligible. Weatherford's habitual criminal adjudication rests upon three (3) convictions, one of which is ineligible.

Our supreme court has addressed this situation stating:

It is proper habitual offender practice for the State to plead and prove more than two prior unrelated felony convictions. The additional convictions are deemed mere surplusage. Where, however, such a group of more than two

includes one or more felonies which do not meet statutory criteria and a general verdict of habitual offender is returned, a retrial of the habitual offender allegation is required. This is so because the general verdict of the trier of fact may rest upon an ineligible prior conviction alone.

*Nash v. State* (1989), Ind., 545 N.E.2d 566, 568 (citations omitted). When the State attempts to prove three (3) underlying felonies to support an habitual offender adjudication, and one is ineligible and the jury returns a general verdict, it is impossible to determine whether the jury relied on the ineligible conviction. *Waye v. State* (1991), Ind., 583 N.E.2d 733. 'A general verdict cannot stand when the case was tried and submitted on two theories, one bona fide and the other not.' *Id.* at 735 (quoting *Miller*, 275 Ind. 454, 460, 417 N.E.2d 339, 343.) In *Fozzard v. State* (1988), Ind., 518 N.E.2d 789, our supreme court reversed an habitual offender adjudication when one of three felonies was not proven to fit in the required sequence.[2]

In the present habitual criminal proceeding, the jury returned a verdict on a form which stated that Weatherford:

has been twice previously convicted, sentenced, and imprisoned in a penal institution and that he is an habitual criminal.

This verdict is general because it is possible that the jury relied on the ineligible 1971 federal firearms conviction as one of two convictions upon which the habitual criminal status is based. Even where two felonies are properly proved, it is impossible to discern which of the alleged prior convictions provided the factual basis for the jury's determination. *See generally, Miller,* 417 N.E.2d 339.

▆▆▆▆ The State urges that the doctrine of waiver bars Weatherford's claim. The purpose of Indiana's post-conviction remedies is to permit a petitioner to raise issues which were either unknown or unavailable to him in his direct appeal; thus, issues raised and determined on direct appeal are not reviewable in post-conviction proceedings, and even issues not raised but nonetheless were available to the petitioner in the original appeal are waived in post-conviction proceedings. *Marchand v. Tyson* (N.D.Ind.1983), 560 F.Supp. 882. Fundamental error, which will survive waiver in

**2.** Of the cases cited by the dissent for the proposition that a third felony conviction is mere surplusage under the requirements of the old habitual criminal statute, the only case that is clearly apposite is the most recent of these cases, *Eldridge v. State* (1986), Ind., 498 N.E.2d 12. In *Eldridge,* the majority of our supreme court would appear to agree that a defective third conviction is not mere surplusage under the old habitual statute, stating, 'A general verdict can not stand when the case was tried and submitted on two theories, one bona fide and the other not.' 498 N.E.2d at 13 (Shepard, J., opinion concurring in result); 498 N.E.2d at 14 (DeBruler, J., dissenting opinion in which Dickson, J., concurred) (Both opinions quoting as we have above *Miller v. State* (1981), 275 Ind. 454, 460, 417 N.E.2d 339, 343.)

Moreover, we believe the dissent's reliance on *Beavers v. State* (1991), Ind., 566 N.E.2d 533 (*Beavers* II) is misplaced. In *Beavers* II, our supreme court noted the trial court made a specific finding with respect to the date of the commission of one of the challenged felonies. Therefore, it would appear that *Beavers* II did not involve the "general verdict" problem present in the instant case. Importantly, the *Beavers* II court remained silent on the issue of whether the third felony conviction was harm-

less surplusage under the former habitual criminal statute. Therefore, we would submit that the position adopted by the majority of our supreme court on this precise issue in *Eldridge,* 498 N.E.2d 12, controls the disposition of the present case.

In *Miller,* 417 N.E.2d 339, our supreme court did not distinguish between the former and present habitual statutes in addressing the issue of whether defective additional convictions were mere surplusage. The *Miller* court noted:

With respect to the State's contention that the error was harmless, we have previously held that it was not error to prove additional prior felonies. *Hall v. State,* [ (1980, Ind., 405 N.E.2d 530; relied on in the present dissenting opinion as a case involving the former statute], and cases there cited. But in those cases, the additional offenses qualified under the statute, and all prior convictions, etc. were proved.

275 Ind. at 459, 417 N.E.2d at 342. The requirement of the sequence of offenses, convictions, and sentences is identical in the former and the present habitual statutes. *Id.* Our supreme court has not suggested, nor can we discern, any rationale justifying a distinction between the former and present habitual statutes with respect to the issue of whether a defective third conviction constitutes harmless surplusage.

post-conviction proceedings, must be one which is blatant and which if not rectified would deny the petitioner fundamental due process. *Harris v. State* (1988), Ind.App., 519 N.E.2d 1253, *trans. denied.*

Our supreme court has held a defendant's claim that his habitual offender adjudication was defective because the required sequence of prior convictions was not proved constituted a question of a fundamental right which qualified for consideration in post-conviction proceedings despite procedural default. *Lee v. State* (1990), Ind., 550 N.E.2d 304; *Williams v. State* (1988), Ind., 525 N.E.2d 1238. In *Williams*, our supreme court held that the failure of the record of the habitual offender proceedings to support the proper sequence of prior convictions provided the basis for a claim which was fundamental in nature and, as such, could be raised in a post-conviction petition despite the fact that it was available on direct appeal and there was a failure to raise it there. Our supreme court has characterized defects in the proof of habitual adjudications as fundamental and has granted relief for these fundamental defects sua sponte on direct appeal. *Steelman*, 486 N.E.2d 523; *Jordan*, 510 N.E.2d 655. Our supreme court has granted relief for a fundamental defect in an habitual offender adjudication upon a defendant's motion to correct an erroneous sentence under IND.CODE 35–38–1–15. *Waye*, 583 N.E.2d 733.

Based on the above authority, we find the present defect to be fundamental in nature and not subject to waiver in post-conviction proceedings. Therefore, we hold Weatherford's claim has not been waived.

■ The State also asserts that the doctrine of res judicata bars Weatherford's claim. Where an issue, although differently designated, has been previously considered and determined upon direct appeal, the State may defend against the defendant's post-conviction petition on the grounds of res judicata. *Harding v. State* (1989), Ind.App., 545 N.E.2d 14, *trans. denied.* In its brief, the State urges:

> In his [second petition for post-conviction relief, Weatherford] challenged the habit-

ual offender determination by alleging, as fundamental error, that it was error to have used his 1960 conviction to support the habitual finding. *Weatherford*, [512 N.E.2d] at 864. Although differently designated, the issue raised by [Weatherford] is again challenging the habitual offender determination by attacking evidence presented on another of the prior convictions. [Weatherford's] claim of error is merely a variation of that already raised and decided adversely to him in the second post-conviction determination and the appeal. Therefore, such a finding should be determined to be *res judicata* and, as such, the court could properly deny the third petition on the basis of *res judicata.*

State's brief pp. 5, 6.

We disagree with the State. We do not believe that Weatherford's present attack on the defect in proof of the 1971 federal firearms conviction (and thus the proper sequence of the predicate felonies) is merely a variation of his earlier attack on his 1960 conviction in which he alleged that the 1960 conviction (obtained when he was sixteen (16) years old) could not support his habitual criminal adjudication because it was obtained by an uncounseled waiver of juvenile jurisdiction and an uncounseled guilty plea. *Weatherford*, 512 N.E.2d at 864, 865. Therefore, we do not believe that res judicata bars Weatherford's claim.

■ Weatherford and the State disagree with regard to the appropriate relief to be afforded upon remand. Weatherford asserts the insufficiency of the evidence supporting his habitual criminal adjudication precludes his retrial as an habitual criminal. The State asserts that Weatherford may be retried.

■ We agree with the State. A defect in one of three convictions supporting an habitual offender adjudication does not necessarily mean the evidence is insufficient to support the habitual adjudication. *Waye*, 583 N.E.2d 733. Such error is appropriately characterized as trial error, the proper remedy for which is remand for retrial. *Id.*

Weatherford has demonstrated that the evidence is without conflict and leads unerringly to the conclusion that his habitual criminal adjudication is defective. Therefore, we must conclude that Weatherford has met his burden of proving his grounds for post-conviction relief. We reverse and remand for proceedings consistent with this opinion.

Judgment reversed.

CONOVER, J., concurs.

BUCHANAN, J., dissents with separate opinion.

BUCHANAN, Judge, dissenting.

I respectfully dissent.

When applying Ind.Code 35–8–8–1,[1] [hereinafter referred to as the previous habitual offender statute], which is applicable here, our supreme court has "consistently held that proof of a third felony conviction is surplusage under the requirements of the habitual offender statute." *Harmer v. State* (1983), Ind., 455 N.E.2d 1139, 1141, *citing Jessup v. State* (1971), 256 Ind. 409, 269 N.E.2d 374 (defect in proof on habitual count charging defendant with having been previously convicted of burglary was moot, when defendant was shown to have been convicted of two other crimes apart from burglary conviction, proof of a third prior crime and conviction being mere surplusage under habitual criminal statute); *see also Eldridge v. State* (1986), Ind., 498 N.E.2d 12; *Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46, *cert. denied* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851; *Hall v. State* (1980), 273 Ind. 507, 405 N.E.2d 530; *Hanks v. State* (1948), 225 Ind. 593, 76 N.E.2d 702.

So, I must disagree with the majority's position in this case that the State's failure to prove the commission date of Weatherford's *third* felony requires reversal. Our supreme court has vacated such convictions only in those cases which have applied the requirements set forth in Ind.Code 35–50–2–8, the current habitual statute. *See Waye v. State* (1991), Ind., 583 N.E.2d 733; *Fozzard v. State* (1988), Ind., 518 N.E.2d 789; *Steelman v. State* (1985), Ind., 486 N.E.2d 523.

In *Beavers v. State* (1990), Ind., 550 N.E.2d 305 [hereinafter referred to as *Beavers I*], the State presented evidence of three prior felony convictions, sentences, and incarcerations which were used as underlying offenses to support the defendant's habitual offender status. Beavers claimed that the evidence was insufficient because the State failed to show that succeeding felonies were committed after the sentence on the prior felony and that the sentence on a subsequent felony was rendered before the next felony was committed. In rejecting this argument, Justice Givan, in writing for the majority, determined that:

> "To support his position, appellant cites *Steelman v. State* (1985), Ind., 486 N.E.2d 523. However, *Steelman* was decided under Ind.Code § 35–50–2–8, which in fact sets out the requirements now argued by appellant.[2] However, appellant was sentenced under the prior statute, Ind.Code § 35–8–8–1, which has no such requirement. *That statute only requires that appellant be previously twice convicted and previously twice incarcerated for felonies in order to establish that he has the status of a habitual offender.*"

*Beavers I, supra* at 306–07 (emphasis supplied).

Beavers petitioned for rehearing, *Beavers v. State* (1991), Ind., 566 N.E.2d 533, [hereinafter referred to as *Beavers II*], arguing that *Beavers I* conflicted with *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799, which determined that the previous habitual offender statute required that the "commission of the *second* prior

---

1. Prior to codification, this statute was designated as Burns 9–2207 [Acts 1907 ch. S1, p. 109].

2. IC 35–50–2–8(b), which became effective on October 1, 1977, currently provides in relevant part that:

"After a person has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, the person has accumulated two (2) prior unrelated felony convictions. . . ."

felony be subsequent to imprisonment for the *first* prior felony, and that the commission of the felony for which sentence enhancement is being sought be subsequent to imprisonment for the *second* prior felony." *Beavers II, supra* at 534 (emphasis supplied).

In affirming Beavers' convictions on rehearing, our supreme court acknowledged that *Cooper* applied and determined that the State sufficiently established that a felony committed in 1972 occurred *after* imprisonment of a prior felony that the State used to prove the defendant's habitual offender eligibility.

As in *Beavers I* and *II*, the record before us demonstrates that *two* of the felony convictions relied upon by the state to support Weatherford's status as an habitual offender were sufficiently proven in accordance with the requirements of *Cooper* and the previous habitual offender statute. This is the latest supreme court pronouncement on this subject, and the facts here are indistinguishable from those presented in *Beavers I* and *II*. Any evidence pertaining to the firearms charge is irrelevant, and proof relating to the commission of that offense is mere surplusage. *See Collins, supra; Hall, supra; Jessup, supra.*

I would therefore affirm the judgment in all respects.