WILLIAM F. TOOLEY *v.* STATE OF INDIANA.

[No. 1-872A58. Filed June 29, 1973.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *John R. Gerbracht,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant (Tooley) was charged by affidavit with incest. He pleaded guilty and was sentenced to not less than two nor more than twenty-one years.

Tooley's petition for post-conviction relief was summarily denied and this appeal follows.

The sole question on appeal is whether there was any genuine issue of material fact presented by Tooley's petition. If so, an evidentiary hearing was mandatory under PC 1(D) (6), which reads:

"The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. *If an issue of material fact is raised,* then the court *shall* hold an evidentiary hearing as soon as reasonably possible." (Our emphasis.)

Tooley's verified petition was upon the standard form appended to PCR 1 and stated that he was represented by John Bunner, Public Defender, at the preliminary hearing, arraignment, plea, trial and sentencing. The petition alleged "ineffective counsel" and further stated that Tooley had no attorney to represent him in the post-conviction proceeding and desired the Public Defender to represent him.

In response, the State merely denied this allegation and prayed for summary denial, because ". . . the records of this Court and the transcript of the arraignment of this Petitioner

show that his guilty plea was freely and voluntarily given . . .".

Upon these pleadings, the trial court entered the following order:

"A. *Findings of Fact*

The Court now makes the following findings of fact:

1. At the time of his arraignment and plea the defendant was represented by attorney John Bunner, Public Defender.

2. Under PC Rule 1(D)(4) this Court has made a part of its record a transcription of what transpired at the arraignment and plea of the defendant.

3. Under PC Rule 1(D)(5) and (6), this Court may grant summary disposition of the Petition.

4. The pleadings on their face coupled with the transcription of the hearing on the plea show that the defendant is not entitled to the relief prayed for.

5. The transcript of the testimony at the arraignment clearly shows that the defendant's guilty plea was freely and voluntarily entered into.

B. *Conclusions of Law*

1. The Court concludes as a matter of Law that the defendant's guilty plea was freely and voluntarily entered into with the assistance of competent counsel.

2. The State is entitled to summary disposition of the Petition as a matter of law.

WHEREFORE, the Court grants the State's Motion for Summary Disposition of the Petition and denies the Petition."

The sole question, however, is whether there was a genuine issue of material fact as to the effectiveness or adequacy of Tooley's counsel, not whether his counsel was in fact effective or adequate.

As the court said in *Apple* v. *Apple* (1971), 149 Ind. App. 529, 274 N.E.2d 402, concerning the existence of a genuine issue of material fact:

"* * * It is not a question of proof and of which party

has the burden thereof, but rather, after accepting the allegations as true, whether there *is an issue* as to any material fact, . . ." (Our emphasis.)

In the case at bar there is a general allegation of ineffective counsel by Tooley and an unverified general denial thereof by the State, with no supporting material filed by either party.

Obviously, both allegations cannot be accepted as true. These allegations being mutually exclusive, only one may be true. Resolution of this conflict required a finding of fact. The court resolved this factual conflict in its finding that Tooley entered his plea of guilty "with the assistance of competent counsel", notwithstanding the court's characterization of this finding as a "conclusion of law."

The State maintains that the record conclusively shows that Tooley's counsel was competent. This is not the issue to be determined either here, or summarily by the trial court. This was the ultimate issue of fact requiring an evidentiary hearing, pursuant to PCR 1(D)(6).

As the court said in *Central Realty, Inc.* v. *Hillman's Equipment, Inc.* (1969), 253 Ind. 48, 246 N.E.2d 383:

"Summary judgment cannot be granted, however, when it is necessary to weigh the evidence contained in the supporting affidavits, draw conclusions of fact from that evidence, and thereby determine a preponderance of the evidence. In ruling on motions for summary judgment, the court may not decide questions of fact, but is limited to the sole determination of whether or not a factual controversy exists. In short, summary judgment is not a procedure for trying facts and determining the preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists."

It is significant that the State in its brief recognizes that the issue of competency of counsel is an evidentiary question. This line of reasoning is implicit in the following language from the "Summary of Argument" section of State's brief:

"It is rather elementary that counsel appointed or accepted by a court to represent a defendant is presumed to be com-

petent, and strong and convincing proof is required to overcome such a presumption. This presumption can only be overcome if it is shown that what the counsel did or did not do made the proceedings a mockery and shocked the conscience of the court."

Since the defendant is required to introduce "strong and convincing proof" to overcome the presumption of competency of counsel, an evidentiary hearing is a necessity.

Judgment is hereby reversed and remanded for a hearing consistent with PCR 1.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 297 N.E.2d 856.