Michael E. **LEE**, Appellant,

v.

**STATE of Indiana, Appellee.**

**No. 82S01–9002–PC–00140.**

Supreme Court of Indiana.

Feb. 16, 1990.

Susan K. Carpenter, Public Defender, Jane Ruemmele, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

PETITION FOR TRANSFER

DeBRULER, Justice.

In this case, two convictions and the habitual offender status of appellant Lee were affirmed on direct appeal. *Lee v. State* (1988), Ind., 519 N.E.2d 146. His original motion to correct errors included an allegation of the insufficiency of evidence of habitual offender status, but that issue was not argued in the direct appeal. He did, however, argue related claims on direct appeal, namely that the trial court had committed error in admitting certain items of evidence at the habitual offender proceeding.

In this, his first post-conviction petition, Lee alleged for the first time that the proof at the sentencing hearing did not show the proper sequence of prior convictions as required by I.C. 35–50–2–8. The trial court summarily dismissed this post-conviction petition for failure to allege or undertake to argue that there was a sufficient reason for not asserting the claim in the direct appeal as required by Rule 1, Section 8 of the post-conviction rules, or to contend that his counsel had been ineffective in not doing so. The Court of Appeals affirmed with memorandum opinion.

On transfer, Lee claims that the decision of the Court of Appeals contravenes the recent opinion of this Court in *Williams v. State* (1988), Ind., 525 N.E.2d 1238. *Williams* holds that the failure of the record to support the proper sequence of prior convictions, and thus their prior and unrelated character, provides the basis for a claim which is fundamental in nature and, as such, may be raised in post-conviction despite the fact that it was available on direct appeal and there was a failure to raise it there. Because of the profound impact of a determination of habitual offender status upon the length of sentence, the record must provide a rational basis upon which to conclude that the convictions are in their proper statutory sequence. *Steelman v. State* (1985), Ind., 486 N.E.2d 523.

The courts below relied upon the case of *Music v. State* (1986), Ind., 489 N.E.2d 949. That is an appeal in a post-conviction case in which the defendant sought to raise the sufficiency of evidence to convict after having failed to do so in the direct appeal of his conviction. In resolving the issue, this Court said:

It appears there was more than sufficient direct evidence before the jury to support its verdict, including an eyewitness. This issue was available to Petitioner but was not raised on his direct appeal so he has waived it at this point and we will not consider it further.

*Id.* at 951. Without attempting to characterize this dual approach in *Music*, we find it inapplicable here, as it did not deal with the sufficiency of the record to support the prior unrelated character of prior convictions, but instead dealt with the sufficiency of evidence to convict.

██ This Court has said that it will evaluate a post-conviction claim in the following manner to determine whether it should be dealt with on its merits despite procedural default:

Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved.

*Williams v. State* (1984), Ind., 464 N.E.2d 893, 894 (citing *Nelson v. State* (1980), 274 Ind. 218, 409 N.E.2d 637). The post-conviction claim here qualifies for consideration under this test, and the trial court should not have dismissed this post-conviction petition in summary fashion. The judgment is reversed and the cause remanded to the trial court for consideration of the claim, and for grant of post-conviction relief in the form of a new sentencing hearing if it is meritorious.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result.