Robert A. EVOLGA, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A05–9806–PC–292.

Court of Appeals of Indiana.

Nov. 25, 1998.

---

Robert A. Evolga, Carlisle, pro se.

Jeffrey A. Modisett, Attorney General, Thomas D. Perkins, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

MATTINGLY, Judge.

Robert A. Evolga (Evolga) appeals the trial court's refusal to accept for filing his *pro se* Petition for Post Conviction Relief. He raises one issue, which we restate as whether a trial court may refuse to allow the filing of a petition for post-conviction relief when the petitioner had previously waived his right to a direct appeal and had appealed the trial court's denial of his motion for jail time credit.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Evolga was convicted of murder. In June of 1979 he was sentenced to a forty-year prison term. Shortly after he was sentenced, he escaped from jail and was a fugitive from the jurisdiction of the court until February of 1984. While he was a fugitive, a motion to correct error was filed on his behalf. The motion was denied, and a praecipe was filed. When Evolga's fugitive status became known to the trial court, the order denying the motion to correct error was expunged, and all further appeal proceedings were stayed until Evolga was apprehended.

After Evolga was returned to this jurisdiction in March of 1984, the State filed, and the trial court granted, motions to permanently stay the appeal and dismiss Evolga's motion to correct error. Evolga's subsequent Motion for Permission to File Belated Motion for a New Trial was denied. In *Evolga v. State,* 519 N.E.2d 532, 534 (Ind.1988), our supreme court found that Evolga had waived his right to appeal due not just to his act of escape, but also because of his continued absence from this jurisdiction.

In October of 1995, Evolga attempted to file a motion for post-conviction relief. The trial judge refused to allow that motion to be filed. Evolga then filed a petition for jail time credit in October of 1996. Evolga's appeal of the trial court's denial of that motion is currently pending before this court in *Evolga v. State,* No. 45A03–9804–PC–157 (Ind. Ct.App. filed July 14, 1998).

Evolga then attempted to file a *pro se* Petition for Post Conviction Relief. The trial court also refused to allow the filing of that petition, and entered the following Order:

> The defendant offers a petition for post-conviction relief, which is refused for filing for the reason that a petition for postconviction relief may not be used as a substitute for direct appeal. In this case, the defendant forfeited his right to a direct appeal and has been prohibited by the trial court from pursuing a belated appeal. The trial court's decision regarding the belated appeal was upheld by the Indiana Supreme court. The defendant may not circumvent this procedural bar through postconviction remedies.

R. at 17.

## DISCUSSION AND DECISION

Pursuant to Indiana Post–Conviction Rule 1(1)(a), "[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state ... may institute at any time a proceeding under this Rule to secure relief." A proceeding for post-conviction relief is commenced by the filing of a "verified petition with the clerk of the court in which the conviction took place." *Id.* § 1(2). This section goes on to state that "[t]he Clerk **shall** file the petition upon its receipt...." *Id.* (emphasis added). The "petition **shall** be

heard without a jury." *Id.* § 1(5) (emphasis added). A court may grant a motion for summary disposition of the petition if it appears there is no genuine issue of material fact. *Id.* § 1(4)(g). But if a material fact is raised, the court "**shall** hold an evidentiary hearing as soon as reasonably possible." *Id.* (emphasis added).

We believe the trial court erred by failing to allow Evolga to file his Petition for Post Conviction Relief. Although a trial court can summarily deny a post-conviction relief petition, the only time that P–C.R. 1 provides that filing may be denied is where a second or successive petition is filed and "the petitioner is entitled to no relief...." *Id.* § 1(12)(b). Although Evolga had tried to file a PCR once before, the trial court had not allowed its filing. As a result, the trial court never considered any of the issues raised in Evolga's petition.[1]

The State argues that Evolga already exercised his right to post-conviction relief by filing his Motion for Jail Time Credit in October of 1996. A motion to correct an erroneous sentence can, in some circumstances, be considered a petition for post-conviction relief. *State ex rel. Gordon v. Vanderburgh Circuit Court,* 616 N.E.2d 8, 9 (Ind.1993). However, Evolga filed his Motion for Jail Time Credit after the trial court had initially refused to accept his post-conviction relief petition for filing. Since the trial judge allowed Evolga's Motion for Jail Time Credit to be filed, it is clear the trial court did not consider the jail time credit motion to be a post-conviction relief petition.[2]

The trial court's findings of fact make it clear that it believed Evolga's post-conviction relief petition to be a "substitute for direct appeal." R. at 17. We do not believe such an unqualified determination can serve as grounds for refusal to allow such a petition to be filed. A post-conviction relief motion is a separate vehicle designed to raise issues which were unknown or not available at the time of the direct appeal. *Mickens v. State,* 479 N.E.2d 520, 522 (Ind.1985). If the trial court determines that Evolga has not raised any issues which were not available at the time of the direct appeal, then it must follow the procedures set forth in the post-conviction rules in denying Evolga's petition.

The trial court erred when it failed to allow Evolga to file his Petition for Post Conviction Relief. This case is remanded to the trial court with instructions to proceed pursuant to the Indiana Rules of Procedure for Post–Conviction Remedies.

Reversed and remanded.

NAJAM and FRIEDLANDER, JJ., concur.

---

1. The State does not address the sufficiency of the issues Evolga raised in his petition. Rather, it argues only that the petition before us was a successive petition for post-conviction relief which the trial court properly declined to accept.

2. In the *Gordon* decision, our supreme court decided that a motion to correct an erroneous sentence was a petition for post-conviction relief and thus exempt from the Indiana Trial Rule 53.1 requirement that a trial court set a motion for hearing within 30 days after the motion is filed. In the present case, the State asserts, without explanation, that Evolga's Motion for Jail Time Credit must thus also be a petition for post-conviction relief. As a result, it argues, the petition before us now is a successive petition for

post-conviction relief which the trial court may not hear without our permission.

We note that Evolga's Motion for Jail Time Credit did not assert that his sentence was erroneous. Rather, it was premised upon his entitlement to jail time credit he earned while serving his sentence. The State does not explain why a motion which seeks jail time credit but which does not assert that the sentence itself is erroneous must necessarily be considered a petition for post-conviction relief. Because the State's position is not supported with cogent argument or legal authority, we decline to decide whether a Motion for Jail Time Credit is a petition for post-conviction relief. *See* Ind. Appellate Rule 8.3(A)(7).