Robert A. **EVOLGA**, Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Respondent.

No. 45A03–9906–PC–206.

Court of Appeals of Indiana.

Jan. 14, 2000.

Robert A. Evolga, Carlisle, Indiana, Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

This appeal comes to us following our reversal of the trial court's order refusing to allow Robert A. Evolga ("Evolga") to file a petition for post-conviction relief when he had previously waived his right to a direct appeal. *See Evolga v. State,* 701 N.E.2d 1256 (Ind.Ct.App.1998) (*"Evolga I "*). On remand, the trial court summarily denied Evolga's petition for post-conviction relief without conducting an evidentiary hearing. Evolga now appeals from the trial court's summary denial of his petition.

We reverse and remand.

### Issues

Evolga raises several issues involving fundamental error and ineffective assistance of counsel, of which we address only the following: whether the trial court erred when it summarily denied Evolga's petition for post-conviction relief without an evidentiary hearing.

### Facts and Procedural History

The facts are taken from this Court's opinion in *Evolga I:*

> Evolga was convicted of murder. In June of 1979 he was sentenced to a forty-year prison term. Shortly after he was sentenced, he escaped from jail and was a fugitive from the jurisdiction of the court until February of 1984. While he was a fugitive, a motion to correct error was filed on his behalf. The motion was denied, and a praecipe was filed. When Evolga's fugitive status became known to the trial court, the order denying the motion to correct error was expunged, and all further appeal proceedings were stayed until Evolga was apprehended.
>
> After Evolga was returned to this jurisdiction in March of 1984, the State filed, and the trial court granted, motions to permanently stay the appeal and dismiss Evolga's motion to correct error. Evolga's subsequent Motion for Permission to File Belated Motion for a New Trial was denied. In *Evolga v. State,* 519 N.E.2d 532, 534 (Ind.1988), our supreme court found that Evolga had waived his right to appeal due not just to his act of escape, but also because of his continued absence from this jurisdiction.

*Id.* at 1257.

In April 1998, Evolga attempted to file a *pro se* petition for post-conviction relief that alleged claims of fundamental error and ineffective assistance of counsel. The trial court refused to allow the filing of that petition, finding that Evolga had previously forfeited his right to a direct appeal and was prohibited from pursuing a belated appeal through post-conviction remedies. We reversed the trial court's refusal of Evolga's petition in *Evolga I,* holding that "[a]lthough a trial court can summarily deny a post-conviction relief petition, the only time that [Ind. Post–Conviction Rule 1] provides that filing may be

denied is where a second or successive petition is filed and the petitioner is entitled to no relief." *Id.* at 1258; *see also* P–C.R. 1, § 4(f).

On remand, the State filed a motion for summary disposition of Evolga's petition for post-conviction relief, contending that it should be denied as a matter of law because Evolga had previously forfeited his right to a direct appeal and consequently waived the issues raised for the first time in post-conviction proceedings. *See* P–C.R. 1, § 4(g) (absence of genuine issue of material fact supporting summary disposition of petition). On April 26, 1999, the trial court ordered Evolga's petition for post-conviction relief be summarily denied. In so doing, the trial court entered findings of fact and conclusions of law in part as follows:

1. There is no genuine issue of material fact raised in the petition for post-conviction relief.
2. The Rules of Procedure for Post–Conviction Relief prohibit the use of a petition for postconviction relief as a substitute for a direct appeal.
3. The petitioner is procedurally defaulted from pursuing postconviction relief.
4. None of the issues raised in the petition for postconviction relief constitute[s] fundamental error.
5. Even if the petitioner were not procedurally barred from pursuing postconviction relief, the issues raised in the petition were waived when the petitioner fled the jurisdiction and failed to return within the time limits set for pursuing a direct appeal.

Evolga now appeals.

## Discussion and Decision

■ A trial court is not permitted to summarily deny a petition for post-conviction relief unless "it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and [the State] is entitled to judgment as a matter of law." P–C.R. 1, § 4(g). If an issue of material fact is raised by the allegations of the petition, "the court *shall hold* an evidentiary hearing as soon as reasonably possible." *Id.* (emphasis added). A hearing is mandatory even when the petitioner has only a remote chance of establishing his claim. *Gann v. State,* 550 N.E.2d 803, 804 (Ind.Ct.App.1990). An evidentiary hearing is not required, however, in the absence of "specific factual allegations in support of the claim[s]" alleged by the petitioner. *Sherwood v. State,* 453 N.E.2d 187, 189 (Ind.1983) (*citing Ferrier v. State,* 270 Ind. 279, 280, 385 N.E.2d 422, 423 (1979)).

■ The trial court summarily disposed of Evolga's petition for post-conviction relief without conducting an evidentiary hearing. Accordingly, the determinant question before us is whether there was any genuine issue of material fact presented by Evolga's petition. If so, an evidentiary hearing was mandatory under P–C.R. 1, § 4(g), and the trial court erred in denying the petition without the benefit of such hearing.

■ Evolga's petition for post-conviction relief asserts three claims: (1) that his unknowing, unintelligent, and involuntary waiver of his right to a jury trial constituted fundamental error; (2) that the trial court's verdict of guilty rather than not guilty by reason of insanity was not supported by the evidence and constituted fundamental error; and (3) that he received ineffective assistance of trial counsel. Initially, we note that errors available but not raised on direct appeal are considered waived for purposes of post-conviction relief unless the error is such that it rises to the level of fundamental error. *Lee v. State,* 550 N.E.2d 304, 304 (Ind. 1990). We have applied this exception to the post-conviction waiver rule in both of Evolga's enumerated allegations of fundamental error. *See Capps v. State,* 598

N.E.2d 574, 577 (Ind.Ct.App.1992) (claim that waiver of right to jury trial was not knowing, intelligent, and voluntary rises to level of fundamental error and may be raised in post-conviction proceedings despite availability on direct appeal), *trans. denied; see also Green v. State,* 525 N.E.2d 1260, 1262 (Ind.Ct.App.1988) (fundamental error of conviction without sufficient evidence comes within purview of post-conviction remedies despite failure to argue issue on direct appeal; discussing insufficiency of evidence underlying murder conviction due to theory of "sudden heat"), *trans. denied.* In addition, our supreme court has held that a claim of ineffective assistance of trial counsel may be presented in post-conviction proceedings even if not raised on direct appeal. *Woods v. State,* 701 N.E.2d 1208, 1220 (Ind.1998), *cert. denied,* — U.S. ——, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999).

Thus, the trial court's assessment that none of the issues raised by Evolga in the instant petition for post-conviction relief constituted fundamental error and that he was procedurally barred from asserting those issues is incorrect. So, too, is the trial court's determination that Evolga had waived the issues raised in his petition simply because of his previous absence from this jurisdiction and consequent waiver of the right to a direct appeal, where forfeiture of the right to bring a direct appeal does not necessarily or automatically constitute forfeiture of the issues raised in post-conviction proceedings. *See Evolga 1,* 701 N.E.2d at 1258 ("*If* the trial court determines that Evolga has not raised any issues which were not available at the time of the direct appeal, then it must follow the procedures set forth in the post-conviction rules in denying Evolga's petition") (emphasis added); *see also Lee,* 550 N.E.2d at 304 (fundamental error exception to waiver rule in post-conviction proceedings).

With respect to Evolga's ineffective assistance of counsel claim, the proper inquiry is not whether Evolga's counsel was in fact effective or adequate; rather, the question is whether there existed a genuine issue of material fact as to the effectiveness or adequacy of Evolga's counsel. *See Tooley v. State,* 156 Ind.App. 636, 638, 297 N.E.2d 856, 857 (1973). Here, there were multiple allegations of counsel ineffectiveness [1] by Evolga and only an unverified general denial thereof by the State, with no supporting material filed by either party. As we observed in *Tooley:*

> Obviously, both allegations cannot be accepted as true. These allegations being mutually exclusive, only one may be true. Resolution of this conflict required a finding of fact.... The State maintains that the record conclusively shows that Tooley's counsel was competent. This is not the issue to be determined either here, or summarily by the trial court. This was the ultimate issue of fact requiring an evidentiary hearing[.]

*Id.,* 156 Ind.App. at 638, 297 N.E.2d at 857. Likewise, the effectiveness of Evolga's counsel was a question of fact precluding summary disposition of a petition for post-conviction relief. *See Clayton v. State,* 673 N.E.2d 783, 785 (Ind.Ct.App.1996) (where ineffectiveness of counsel is alleged and facts pled raise issue of possible merit, summary disposition is erroneous); *see also Sherwood,* 453 N.E.2d at 189 (issue of competency of counsel is an evidentiary question).

The foregoing analysis applies similarly to the factual issues raised by Evolga's two claims of fundamental error. *See Phillips v. State,* 543 N.E.2d 646, 648 (Ind.Ct.App.

---

1. Evolga's allegations of ineffective assistance of counsel include counsel's failure to investigate issues of competency, sanity, and intoxication; counsel's failure to raise objections to State's exhibits; counsel's failure to object to or move to suppress incriminating statements made by Evolga at the time of his arrest; counsel's failure to obtain an expert witness to substantiate Evolga's insanity at the time he committed the murder; counsel's advice to Evolga to waive the right to a jury trial; and counsel's failure to argue or request instructions for the lesser included offenses of voluntary or involuntary manslaughter.

1989) (determination of whether there has been intelligent waiver of fundamental constitutional rights must depend upon *particular facts and circumstances* surrounding that case, including background, experience, and conduct of accused); *see also Green,* 525 N.E.2d at 1261 (Due Process Clause protects accused against conviction except upon proof beyond reasonable doubt of *every fact* necessary to constitute crime charged). As he. did with his assertion of ineffective assistance of trial counsel, Evolga identified specific facts substantiating his claims that the waiver of his right to a jury trial was not made knowingly, intelligently, and voluntarily,[2] and that the trial court's verdict of guilty was contrary to evidence that Evolga was insane at the time he committed the murder.[3] Again, there was only an unverified general denial of Evolga's allegations by the State, with no supporting material submitted by either party. Under these circumstances, Evolga presented genuine issues of material fact with respect to his jury trial waiver and sufficiency of the evidence underlying his murder conviction, thereby precluding the trial court's summary denial of his petition.

Regardless of how unlikely it seems Evolga will be able to support the claims asserted in his petition for post-conviction relief, the State's general denial of the facts alleged by Evolga was enough to trigger the need to hold an evidentiary hearing. *See Sherwood,* 453 N.E.2d at 189; *see also Clayton,* 673 N.E.2d at 785 (where facts pled raise issue of *possible merit,* summary disposition erroneous). Therefore, we must remand to the trial court with instructions that it conduct an evidentiary hearing on Evolga's petition for post-conviction relief in accordance with the rules and case law governing post-conviction proceedings.

**Conclusion**

The trial court's summary disposition is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

NAJAM and ROBB, JJ., concur.

---

**2.** Evolga alleges in part that a written waiver of his right to a jury trial was presented to him by a turnkey at the Lake County Jail, where Evolga signed the form and returned it to the turnkey.

**3.** Evolga identifies in his petition the medical experts appointed by the trial court (there were two), both of whom testified that he was insane at the time the murder was committed. '