Larry E. KUHN, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 18A05–0805–PC–257.

Court of Appeals of Indiana.

Feb. 12, 2009.

Larry E. Kuhn, Pendleton, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Larry E. Kuhn, *pro se,* appeals the denial of his petition for post-conviction relief.

We reverse and remand.

*ISSUE*

Whether the post-conviction court erred in denying Kuhn's petition.

*FACTS*

On Kuhn's direct appeal from his conviction for class B felony unlawful possession of a firearm by a serious violent felon, we stated the facts as follows:

On November 13, 2001, the Muncie Police Department received two calls shortly after midnight regarding a disturbance at 710 East Main. The first call came from apartment number five at 710 East Main. During trial, Officer Pease identified apartment number five as 'a Conley residence.' It is not clear whether the caller gave the dispatcher his or her name. The caller indicated that 'approximately fifteen shots [were fired]. Subjects were coming out of apartment number two.' Kathy Toukes was the second caller. She was also a resident at 710 East Main. She told the dispatcher that 'she heard five shots coming from the alley behind her residence' and that 'she looked out and saw a black car take off down the alley real fast and ... someone [was] in the alley barking like a dog.'

The dispatcher advised Officer Jeffrey Pease of the Muncie Police Department that there was a report of shots fired, possibly coming from apartment number two at 710 East Main. Based on that information, Officer Pease went to 710 East Main, and upon his entry into the apartment building, saw Kuhn walking out of apartment number two. Kuhn appeared to be intoxicated. He smelled strongly of an alcoholic beverage, had poor balance, and slurred speech. Officer Pease advised Kuhn that he was there because tenants of the building had called and reported shooting coming from apartment number two. Officer

Pease told Kuhn to turn around and put his hands on top of his head. Kuhn refused and began cursing at Officer Pease. Officer Pease 'had to help [Kuhn] put his hands on top of his head.' Officer Pease then performed a patdown search of Kuhn. Officer Pease found an air pistol in Kuhn's front waistband and a twenty-two caliber handgun in his left rear pants pocket.

*Kuhn v. State,* Cause No. 18A02–0209–CR–775, slip op. at 1, 790 N.E.2d 181 (Ind. Ct.App. June 4, 2003).

On November 16, 2001, Kuhn was charged with class B felony unlawful possession of a firearm by a serious violent felon. On February 26, 2002, the State charged him with being an habitual offender. Kuhn was tried before a jury on August 19th and 20th of 2002, and was found guilty as charged. Subsequently, Kuhn pleaded guilty in open court to being an habitual offender. On September 19, 2002, the trial court imposed a twenty-year sentence for the class B felony conviction and a thirty-year habitual offender enhancement, for an aggregate sentence of fifty years to be served in the Department of Correction.

Kuhn appealed his conviction to this court. On June 4, 2003, we affirmed his conviction. On June 24, 2003, Kuhn filed a petition for rehearing, which petition was granted in part,[1] but not as to his conviction. On December 17, 2007, Kuhn filed a petition for post-conviction relief, wherein he alleged that he had been denied the presumption of innocence and had received ineffective assistance from his trial counsel. The post-conviction court set a hearing date of January 31, 2008. On January 31, 2008, Kuhn failed to appear. The post-conviction court rescheduled the hearing for March 20, 2008. On February 2, 2008, Kuhn filed a *pro se* motion for summary disposition. A hearing on that motion was

scheduled for that same day; however, Kuhn failed to appear. The post-conviction court scheduled another hearing for March 20, 2008.

On February 19, 2008, Kuhn filed a motion to set a hearing on his petition for post-conviction relief and a motion for an order to produce (transport) him to the hearing. The post-conviction court ordered Kuhn to be notified of the March 20, 2008, hearing date, but denied his motion for a transport order. Kuhn was not present at the March 20, 2008, hearing. In Kuhn's absence, the post-conviction court conducted a hearing on his petition for post-conviction relief. After the State presented argument, the post-conviction court denied Kuhn's petition. Kuhn now appeals.

### DECISION

Kuhn contends that he was entitled to be present during the evidentiary hearing on his petition for post-conviction relief. We agree.

The purpose of a post-conviction proceeding is to give a petitioner the limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Such proceedings are not super appeals through which convicted persons can raise issues that they failed to raise at trial or on direct appeal. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal.

A post-conviction petitioner bears the burden of establishing his claims by a preponderance of the evidence. When reviewing the denial of a petition for post-conviction relief, we will neither reweigh the evidence nor judge the credibility of the witness. Thus, to prevail on

---

1. Kuhn's petition for rehearing was granted in order to correct a factual error.

appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. We will disturb the post-conviction court's decision only if the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion.

Ind. Post–Conviction Rule 1(5); *Donnegan v. State*, 889 N.E.2d 886, 891 (Ind.Ct.App. 2008) (internal citations and quotations omitted).

 A petition for post-conviction relief may be summarily denied if the pleadings and the record conclusively demonstrate that there is no genuine issue of material fact and the petitioner is not entitled to relief. *Howard v. State*, 576 N.E.2d 1253, 1254 (Ind.1991) (citing P–C. R. 1(4)(g)). "An evidentiary hearing is not necessary when the pleadings show only issues of law; [t]he need for a hearing is not avoided, however, when a determination of the issues hinges, in whole or in part, upon facts not resolved." *Godby v. State*, 809 N.E.2d 480, 482 (Ind.Ct.App. 2004). Thus, a hearing is still needed even if the petitioner's chance of establishing his claim is remote. *Gann v. State*, 550 N.E.2d 803, 804 (Ind.Ct.App.1990).

The State cites *Evolga v. State*, 722 N.E.2d 370, 373 (Ind.Ct.App.2000), for the proposition that claims of ineffective assistance of counsel generally raise issues of material fact and render summary disposition improper. In his petition for post-conviction relief, Kuhn alleged that his trial counsel rendered ineffective assistance when he allegedly failed (1) to put forth a defense; (2) to advise him of a plea offer; (3) to interview two witnesses; (4) to cross-examine the State's witnesses; and (5) to present evidence of mitigating circumstances during the sentencing phase.

We find, and the State acknowledges,[2] that the post-conviction court's decision to conduct an evidentiary hearing on Kuhn's ineffectiveness of trial counsel claims in Kuhn's absence was error, and that Kuhn was entitled to an opportunity to present evidence to support his claims. Accordingly, we reverse the denial of Kuhn's petition for post-conviction relief and remand to the trial court for further proceedings consistent herewith.

Reversed and remanded.

RILEY, J., and VAIDIK, J., concur.

---

2. The State asserts,

[Kuhn] has raised several claims of ineffective assistance of counsel. Although it appears that those claims have no merit or possible chance of success, [Kuhn] nonetheless must be given the opportunity to present evidence to support his claims.

\* \* \*

There is no question that a post-conviction court may issue a judgment on the matter without holding a hearing, should the circumstances of the case permit the ruling. P–C. R. 1(4)(f)-(g), 1(9)(b). However, the record in this case is devoid of any indication that the circumstances permitted a judgment without a hearing. Nor is there any indication that the trial court chose to allow [Kuhn] to proceed by affidavit, deciding his personal presence at the hearing was unnecessary. *Smith v. State*, 822 N.E.2d 193, 201 (Ind.Ct.App.2005) (holding "if the PCR court orders the cause submitted by affidavit under Rule 1(9)(b), it is the court's prerogative to determine whether an evidentiary hearing is required, along with the petitioner's personal presence, to achieve a 'full and fair determination of the issues raised[.]'") (quoting P–C. R. 1(9)(b)). Given that [Kuhn] bears the burden of proof regarding his claims, *see* P–C. R. 1(5), it is only fair to accord him some opportunity to present relevant evidence to support his claims.

State's Br. at 6.