**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**JOSE CARLOS ARCE**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSE CARLOS ARCE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 88A05-1206-PC-324 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Larry R. Blanton, Special Judge
Cause No. 88D01-1112-PC-897

**November 30, 2012**

**OPINION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Pursuant to a plea agreement, Jose Carlos Arce ("Arce") pleaded guilty to Class B felony robbery while armed with a deadly weapon. On December 5, 2011, Arce filed a petition for post-conviction relief, but the trial court, without a hearing, summarily denied his petition. Arce appeals the denial of his petition for post-conviction relief and raises the following issue: whether the post-conviction court erred by failing to hold a hearing on his petition.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## Facts and Procedural History

The facts of this case, as reported in Arce's direct appeal are as follows:

> On May 21, 2009, Arce entered the National City Bank in Campbellsburg, Indiana armed with a CO2–powered BB gun. Tellers Melissa Badger and Gina Singleton were working at the bank. Arce ordered Singleton to lie down on the floor and ordered Badger to give him money from both her cash drawer and Singleton's cash drawer. Once Badger gave him the money, he ordered her to lie down on the floor as well. Arce then fled the bank and was apprehended by police approximately one hour later. The police found him in the vehicle that was reported leaving the bank, and in possession of the BB gun, a disguise, and the bank's money. Arce confessed his crime to the police at that time.
>
> The State charged Arce with robbery while armed with a deadly weapon, a Class B felony. Arce pleaded guilty pursuant to a plea agreement that capped his sentence at twelve years.

Arce v. State, No. 88A01–1003–CR–155, 939 N.E.2d 131 (Ind. Ct. App. Dec. 15, 2010), trans. denied.

On November 30, 2009, Arce pleaded guilty pursuant to a plea agreement to Class B felony robbery while armed with a deadly weapon. At the sentencing hearing, he was

2

represented by a court-appointed attorney and was sentenced to twelve years. Following the trial court's denial of his pro se motion to reconsider, he directly appealed his sentence to this Court. On direct appeal, Arce raised the following issues: (1) whether his right to appeal had been waived; (2) whether the trial court abused its discretion in sentencing by overlooking mitigating factors, by finding invalid aggravating factors, by failing to explain why each circumstance was aggravating or mitigating, and by denying Arce his statutory right to file a written memorandum; and (3) whether the sentence imposed was inappropriate. This court, after concluding that the trial court's error in finding two aggravating circumstances was harmless, affirmed his sentence.

On December 5, 2011, Arce filed a pro-se petition for post-conviction relief raising four claims: (1) whether the court violated due process and fundamentally erred by failing to consider nine mitigating factors; (2) whether the court violated due process and fundamentally erred by relying on four invalid aggravating factors; (3) whether the court violated due process and fundamentally erred by failing to explain why the aggravating factor of premeditation was selected; and (4) whether Arce's attorney provided ineffective assistance of counsel during his guilty plea and sentencing hearings. The State moved for summary disposition under Indiana Post-Conviction Rule 1, section 4(f) and section 4(g). Without a hearing, the post-conviction court granted the State's motion for summary disposition. Arce now appeals.

### Discussion and Decision

Arce appeals from the denial of his post-conviction relief and argues that the post-conviction court erred by failing to hold an evidentiary hearing to consider the material

3

issues raised in his petition. Post-conviction proceedings are not "super appeals[,]" McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002), but rather are "a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal." Allen v. State, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003). "The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." P.–C.R. 1 § 5.

A post-conviction court can dispose of claims without a hearing under Indiana Post-Conviction Rule 1, section 4(f) and section 4(g). Here, the trial court did not specify whether it was granting the State's motion for summary disposition under subsection (f) or subsection (g), and the "disposal of a petition under each of these two subsections leads to a different standard of review on appeal." Allen, 791 N.E.2d at 752. Under section 4(f), "[i]f the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." If, however, the pleadings "raise an issue of possible merit, then the petition should not be disposed of under section 4(f)." Id. at 752-53. "This is true even [if] the petitioner has only a remote chance of establishing his claim." Clayton v. State, 673 N.E.2d 783, 785 (Ind. Ct. App. 1996).

Whereas, section 4(g) provides that a moving party is entitled to judgment as a matter of law if "it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact" but "[i]f an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible." The post-conviction court should not grant summary disposition under section 4(g) "unless 'there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" Allen, 791

4

N.E.2d at 753 (quoting Poling v. State, 740 N.E.2d 872, 877–878 (Ind. Ct. App. 2000), disapproved on other grounds by Graves v. State, 823 N.E.2d 1193 (Ind. 2005)). On review, we resolve all "doubts about facts, and the inferences to be drawn from the facts, in the non-movant's favor." Id. at 753. However, the appellant does still have "the burden of persuading us that the post-conviction court erred." Id.

Even if a post-conviction court denies a petition without a hearing, it still must "make specific findings of fact, and conclusions of law on all issues presented[.]" P.–C.R. 1 § 6. We do not give deference to a post-conviction court's findings of law, but we do defer to the factual findings of the post-conviction court "unless they are clearly erroneous." Stevens, 770 N.E.2d at 746. Furthermore, we do not reverse the post-conviction court's negative judgment "unless the petitioner demonstrates that the evidence 'as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.'" Allen, 791 N.E.2d at 752 (quoting Curry v. State, 674 N.E.2d 160, 161 (Ind. 1996)).

In his petition for post-conviction relief, Arce asserted multiple grounds on which he believed his counsel was ineffective and asserted how he believed these grounds resulted in prejudice to him, including: the attorney advised Arce not to ask for a change of judge after the sentencing judge attended a social gathering with one of the victims; the attorney failed to object to hearsay evidence, which resulted in erroneous findings by the trial court; the attorney failed to state on record Arce's desire to file a written memorandum in support of a reduced sentence, which resulted in Arce being unable to file a written statement that may have influenced the sentencing court's decision; the

5

attorney failed to question the victims regarding the lasting trauma; the attorney failed to vigorously represent him during the sentencing hearing, which resulted in the court erroneously finding aggravating circumstances and overlooking mitigating circumstances; and the attorney failed to conduct adequate pretrial investigation and preparation for the sentencing hearing.

Claims of ineffective assistance of trial counsel are generally reviewed under a two-part test. Strickland v. Washington, 466 U.S. 668, 687 (1984); Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006). A defendant must demonstrate that his "counsel's performance was deficient" and "that the deficient performance" resulted in prejudice. Id. at 687. A claim can be disposed of under either prong. Grinstead, 845 N.E.2d at 1031.

"[O]ur Supreme Court has determined that an evidentiary hearing is required when issues of fact are raised even in the unlikely event that the petitioner will produce evidence sufficient to establish his claim." Truitt v. State, 853 N.E.2d 504, 507 (Ind. Ct. App. 2006) (citing Bailey v. State, 447 N.E.2d 1088, 1090 (Ind. 1983)). Claims of ineffective assistance of counsel generally raise issues of material fact. See e.g., Kelly v. State, 952 N.E.2d 297, 300 (Ind. Ct. App. 2011) ("Resolution of the issue [of ineffective assistance of counsel] revolves around the particular facts of each case.").

Our inquiry does not focus on whether Arce's counsel "was in fact effective or adequate; rather, the question is whether there existed a genuine issue of material fact as to the effectiveness or adequacy" of his counsel. Evolga v. State, 722 N.E.2d 370, 373 (Ind. Ct. App. 2000). In Evolga, this court held that the effectiveness of petitioner's

6

counsel was a question of fact that precluded summary disposition where the petitioner asserted multiple allegations that counsel was ineffective and the State responded only with an unverified general denial. Id. at 374.

Here, the State issued only a general denial of the facts, and Arce pleaded multiple grounds of ineffective assistance of counsel and set forth how his counsel's errors prejudiced him. Therefore, we conclude that he raised genuine issues of material fact in regard to both prongs of Strickland's two-part test. The pleadings do not conclusively show that Arce is not entitled to relief, and there is a genuine issue of material fact regarding whether Arce had ineffective assistance of counsel. For these reasons, we hold that the post-conviction court should conduct a hearing where Arce can present evidence to support his claim of ineffective assistance of counsel.[1]

**Conclusion**

We affirm the summary disposition of the freestanding due process and fundamental error claims regarding aggravating and mitigating circumstances.[2] We

---

[1] Since we are reversing and ordering the post-conviction court to have a hearing in regard to ineffective assistance of counsel, we need not address whether the factual findings or conclusions regarding the ineffective assistance of counsel claim were erroneous.

[2] Arce also argues that the due process and fundamental error claims regarding the aggravating and mitigating circumstances were not freestanding claims but rather were raised in conjunction with his claim of ineffective assistance of counsel. However, in his petition for post-conviction relief he asserted the claims as separate grounds for relief as well as arguing that his court appointed attorney was ineffective in vigorously representing him due to the failure to present cogent arguments regarding the aggravating and mitigating circumstances. We agree with the post-conviction court that they were freestanding claims that could be summarily dismissed. The due process arguments were waived since they were not raised on direct appeal. See Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). In addition, freestanding claims of fundamental error cannot be raised as a claim for post-conviction relief. See Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002). We do note, however, that arguments regarding the aggravating and mitigating circumstances may still be considered on remand but only to the extent that they support Arce's ineffective assistance of counsel claim.

remand to the post-conviction court for the limited purpose of affording Arce a hearing on his claim of ineffective assistance of counsel.

The judgment of the post-conviction court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

VAIDIK, J., and BARNES, J., concur.