**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



Jun 25 2014, 10:00 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**BRIAN EARL SMITH**
Plymouth, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN EARL SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 50A05-1308-CR-444 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARSHALL SUPERIOR COURT
The Honorable Robert O. Bowen, Judge
Cause No. 50D01-0908-FC-35

**June 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Brian Earl Smith appeals the trial court's summary denial of his motion to withdraw his guilty plea. We reverse and remand for a hearing.

## FACTS AND PROCEDURAL HISTORY

In August 2009, the State charged Smith with one misdemeanor and six felony drug counts. Smith pled guilty to one of the felonies, and the trial court entered the conviction as a class A misdemeanor. The trial court sentenced Smith to one year in jail, all suspended to probation.

In July 2013, Smith, acting *pro se*, filed a verified motion to withdraw his guilty plea. Smith explained his plea was entered due to ineffective counsel. Specifically, Smith explained that he "was not aware of the ramifications that a guilty plea would have on the suppression of evidence in this cause and was not advised of such." (Appellant's Amended App. at 19.) The trial court summarily denied the motion without a hearing. Smith appeals.

## DISCUSSION AND DECISION

Smith argues that the trial court erred in summarily denying his motion without a hearing. Pursuant to Ind. Code §35-35-1-4(c), a motion to withdraw a guilty plea after sentencing is treated as a petition for post-conviction relief. *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013). A post-conviction court errs in summarily disposing of a petition unless "the pleadings conclusively show that petitioner is entitled to no relief . . . ." Indiana Post-Conviction Rule 1, Section 4(f). If the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f). *Allen v. State*, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), *trans. denied.* This is true even though the petitioner has only a remote

2

chance of establishing his claim. *Id.* The allegation of ineffective assistance of counsel is generally a question of fact that precludes summary disposition in a petition for post-conviction relief. *Evolga v. State*, 722 N.E.2d 370, 372 (Ind. Ct. App. 2000). In *Evolga*, we held that the effectiveness of Evolga's counsel was a question of fact that precluded summary disposition where Evolga asserted multiple allegations that counsel was ineffective and the State responded with only an unverified general denial. *Id.* at 374.

Here, Smith alleges his guilty plea was entered because his counsel was ineffective and he was not aware of the ramifications that a guilty plea would have on the suppression of evidence in this case and was not advised of such. It appears the State did not respond. Thus the pleadings do not conclusively show that Smith is not entitled to relief because questions of fact remain regarding whether Smith received effective assistance of counsel. We therefore reverse and remand for a hearing at which Smith can present evidence in support of his ineffective assistance of counsel claim. *See Binkley v. State*, 993 N.E.2d 645 (Ind. Ct. App. 2013).

Reversed and remanded.

VAIDIK, C.J., and RILEY, J., concur.